# SENAPE & ASSOCIATES
*A Law Firm*

CATHERINE A. McGOVERN, ESQ.
cam@senapelaw.com
*Associate*

JAMES V. SENAPE, JR., ESQ.
jvs@senapelaw.com

MICHAEL B. SENAPE, ESQ.
mbs@senapelaw.com
*Associate*

May 24, 2018

Donald M. Grimes, CPCU, J.D.
Kelly Grimes Pietrangelo & Vakil, P.C.
36 East Second Street
P.O. Box 1048
Media, PA 19063

RE:    **OUR CLIENT:**     **DAVID MILLS**
         **DATE OF LOSS:**     **01/25/2016**
         **YOUR CLIENT:**     **EXACT VALVE SOLUTIONS, INC. and VICTOR SALDANA**

Dear Attorney Grimes:

    This letter is in follow-up to our phone conversation of April 27, 2018 and your Entry of Appearance on behalf of the Defendants, Victor Saldana and Exact Valve Solutions, Inc., on April 30, 2018. Enclosed is a true and correct time stamped copy of the Complaint filed in the above captioned matter on May 23, 2018.

    Enclosed are Plaintiff's First Set of Interrogatories and one (1) copy of the same to be answered in accordance with the PA Rules of Civil Procedure.

    Please advise if you wish to discuss this matter further at this time.

Very Truly Yours,

SENAPE & ASSOCIATES

*Catherine A. McGovern*
Catherine A. McGovern

CAM:sm
Enclosure
cc:    Clients



612-614 Main Street • P.O. Box 179 • Freeland, Pennsylvania 18224-0179
(570) 636-3133 • Fax (570) 636-3150
www.senapelaw.com


EXHIBIT A

James V. Senape, Jr., Esq.
Supreme Court ID # 01822
Catherine A. McGovern, Esq.
Supreme Court ID # 45891
Michael b. Senape, Esq.
Supreme Court ID # 85297
**SENAPE & ASSOCIATES**
612-614 Main Street / P.O. Box 179
Freeland, Pennsylvania 18224-0179
570-636-3133 / Fax 570-636-3150
www.senapelaw.com

| | |
|---|---|
| DAVID C. MILLS AND DEBORAH K. MILLS, HUSBAND AND WIFE,<br><br>Plaintiffs<br><br>vs.<br><br>VICTOR SALDANA AND EXACT VALVE SOLUTIONS, INC.<br><br>Defendants | IN THE COURT OF COMMON PLEAS<br>OF LUZERNE COUNTY<br><br>CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>NO. 201713117 |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this COMPLAINT and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the COMPLAINT or for any other claim or relief requested by the plaintiffs. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted. **USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.**

| | |
|---|---|
| North Penn Legal Services, Inc.<br>33 N. Main Street, Suite 200<br>Pittston, PA 18640<br>(570) 299-4100<br>(877) 953-4250 Toll free<br>(570) 824-0001 Fax | Servicios Legales de North Penn, Inc.<br>33 la Calle Main del Norte<br>Oficina 200<br>Pittston, PA 18640<br>(570) 299-4100<br>(877) 953-4250 Llamada gratuita<br>(570) 824-0001 Fax |
| 101 West Broad Street, Suite 513<br>Hazleton, PA 18201<br>(570) 455-9512<br>(877) 953-4250 Toll free<br>(570) 455-3625 Fax | 101 la Calle Broad del Oeste<br>Oficina 513<br>Hazleton, PA 18201<br>(570) 455-9512<br>(877) 953-4250 Llamada gratuita<br>(570) 455-3625 Fax |

**SENAPE & ASSOCIATES - Attorneys for Plaintiffs**
I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents and that any confidential information has been redacted from the filing by blackout.
DATED: May 22, 2018       /S/ *Catherine A. McGovern*
                         Catherine A. McGovern
                         Supreme Court ID #45891

James V. Senape, Jr., Esq.
Supreme Court ID # 01822
Catherine A. McGovern, Esq.
Supreme Court ID, # 45891
Michael B. Senape, Esq.
Supreme Court ID . # 85297
**SENAPE & ASSOCIATES**
612-614 Main Street / P.O. Box 179
Freeland, Pennsylvania 18224-0179
570-636-3133 / Fax 570-636-3150
www.senapelaw.com

| | |
|---|---|
| DAVID C. MILLS AND DEBORAH K. MILLS, HUSBAND AND WIFE,<br><br>Plaintiffs<br><br>vs.<br><br>VICTOR SALDANA AND EXACT VALVE SOLUTIONS, INC.<br><br>Defendants | IN THE COURT OF COMMON PLEAS<br><br>OF LUZERNE COUNTY<br><br>CIVIL ACTION – LAW<br><br>**JURY TRIAL DEMANDED**<br><br>NO. 2017 - 13117 |

## COMPLAINT

The Plaintiffs, David C. Mills and Deborah K. Mills, husband and wife, by and through their Attorneys, SENAPE & ASSOCIATES, hereby complain of the Defendants, Victor Saldana and Exact Valve Solutions, Inc., and file this complaint against the above-named Defendants, as follows:

1. Plaintiffs, David C. Mills and Deborah K. Mills, are married adult individuals residing at 31 Brazil Street, City of Wilkes-Barre, County of Luzerne, and Commonwealth of Pennsylvania, 18705 hereinafter referred to as "Plaintiffs." The Plaintiffs, David C. Mills, and Deborah K. Mills, were married at the time of the crash described in this Complaint and are married at the time of the filing of this Complaint.

2. Defendant, Victor Saldana, is an adult individual who either at the time of the crash described in this Complaint or presently based upon reasonable investigation: (a) had a business address c/o Exact Valve Solutions, Inc., 771 Scott Street, City of Wilkes-Barre, County of Luzerne and Commonwealth of Pennsylvania 18705; (b) a business address c/o Exact Valve Solutions, Inc., 445 44th Street, Corpus Christi, Texas 78405; (c) a business address c/o Exact Valve Solutions, Inc., P.O. Box 10368, Corpus Christi, Texas 78460; (d) a home address of 602 North Reynolds Street, Alice, TX 78332-4646; and (e) a P.O. Box 1107, Freer, Texas 78357 address.

3. Defendant, Exact Valve Solutions, Inc., is a foreign business corporation authorized to do business in the Commonwealth of Pennsylvania since February 12, 2013 and in the State of Texas and other states on dates unknown to Plaintiffs, which either at the time of the crash described in this Complaint or presently based upon reasonable investigation: (a) had a business address at 771 Scott Street, City of Wilkes-Barre, County of Luzerne, and Commonwealth of Pennsylvania 18705; (b) a business

addresses at 445 44th Street, Corpus Christi, Texas 78405; and (c) a business address of P.O. Box 10368, Corpus Christi, Texas 78460.

4. At all times relevant hereto, Defendant, Victor Saldana, was the agent, servant, workman and/or employee of Defendant, Exact Valve Solutions, Inc.

5. On or about January 25, 2016 at approximately 4:29 P.M. the male Plaintiff, David C. Mills, was the driver of a 2008 Ford Taurus Limited bearing Pennsylvania License Plate Number 8HNC7101 that was owned and lawfully operated by David C. Mills.

6. On or about January 25, 2016 at approximately 4:29 P.M. the Defendant, Victor Saldana, was the operator of a 2013 Chevrolet Silverado K2500HD Truck bearing Texas License Plate Number BPK9407 owned by the Defendant, Exact Valve Solutions, Inc.

7. On or about the aforementioned date, time, and place, the intersection of Scott Street and Kado Street in the City of Wilkes-Barre was controlled by a traffic signal.

8. On or about the aforementioned date, time, and place, the male Plaintiff, David C. Mills, was traveling west upon Scott Street in the City of Wilkes-Barre when he stopped for a red traffic signal at the intersection of Scott Street to the south, North Street to the north and Kado Street to the southeast. When the traffic signal turned green, David C. Mills proceeded west on Scott Street making a left southbound turn to continue on Scott Street southbound.

9. On or about January 25, 2016, at approximately 4:29 P.M. Defendant, Victor Saldana, as the agent, servant, workman and/or employee of Defendant, Exact Valve Solutions, Inc., and while driving the Silverado Truck owned by the Defendant, Exact Valve Solutions, Inc., operated the Silverado vehicle in a north direction on Scott Street and entered the intersection while a solid red traffic signal was in place for north bound travel on Scott Street onto Mill Street while a right turn arrow was illuminated which would allow traffic to continue only in an eastwardly direction upon Scott Street.

10. On or about the aforementioned date, time and place, the Defendant, Victor Saldana, unlawfully entered the intersection while a right turn arrow was illuminated and failed to stop for the solid red traffic signal to continue north onto Mill Street from Scott Street.

2

11. At the above stated date, time and place, the Defendant, Victor Saldana, while proceeding through the solid red traffic signal did so in such a reckless, careless and negligent fashion as to cause a crash whereby the male Plaintiff sustained serious personal injuries.

12. As a result of the Defendant, Victor Saldana's failure to stop for the red traffic signal on Scott Street, the vehicle owned by the Defendant, Exact Valve Solutions, Inc., operated by Victor Saldana in a careless, reckless and negligent manner crashed into the male Plaintiff's vehicle which was lawfully travelling through a green traffic signal onto Scott Street.

13. The force of the crash caused the male Plaintiff's vehicle to sustain significant damage and the male Plaintiff to sustain serious personal injuries.

14. On or about the aforesaid date, time and place, the Defendant, Victor Saldana, operated his vehicle in a careless, reckless and negligent manner and allowed it to violently crash into and collide with the vehicle operated by the male Plaintiff.

15. As a result of the impact of the Defendant's motor vehicle with the Male Plaintiff's motor vehicle caused by the crash, the male Plaintiff, David C. Mills, sustained numerous permanent injuries and damages which are more fully described hereinafter.

16. On or about the aforesaid date, time and place, the Defendant, Victor Saldana, failed to stop his vehicle at the red traffic signal travelling north on Scott Street onto Mill Street in the City of Wilkes-Barre, County of Luzerne and Commonwealth of Pennsylvania.

17. On or about the aforesaid date, time and place, the Defendant, Victor Saldana proceeded to enter the intersection failing to bring the vehicle he was operating to a stop at the red traffic signal.

18. On or about the aforesaid date, time and place, the Defendant, Victor Saldana, through his actions failed to yield the right of way to the vehicle in which the male Plaintiff was the driver.

19. On or about the aforesaid date, time and place, the Defendant, Victor Saldana, failed to stop his vehicle, failed to bring his vehicle under control, and failed to obey the red traffic signal causing his vehicle to strike the vehicle operated by the male Plaintiff.

20. The crash between the vehicle Victor Saldana was operating which vehicle was owned by Exact Valve Solutions, Inc., and the vehicle operated by the male

3

Plaintiff, David C. Mills, was directly caused by Victor Saldana's failure to stop for the red traffic signal governing the intersection.

21. At all times relevant hereto, the male Plaintiff, David C. Mills, acted in a reasonable, careful and prudent manner in the operation of the vehicle he was operating, and the Plaintiff did not cause or contribute to his own injuries.

22. The recklessness, carelessness and negligence of the Defendant, Victor Saldana, consisted of the following:

   a. Failing to comply with traffic control signals, Pennsylvania Motor Vehicle Code, Section 3112;

   b. Failing to yield the right of way to the vehicle being operated by the male Plaintiff in violation of Pennsylvania Motor Vehicle Code Section 3322;

   c. Failing to operate the vehicle on the roadway at a careful and prudent speed, not greater than or less than is reasonable and prudent, having due regard for the road service, and width of the road in violation of the Pennsylvania Motor Vehicle Code;

   d. Operating the vehicle in complete disregard of the rules of the road and the laws of the Commonwealth of Pennsylvania;

   e. Operating the vehicle at a speed greater than what was reasonable and prudent under the conditions and disregarding the actual potential hazards there and then existing;

   f. Failing to have the vehicle under proper and adequate control at or immediately prior to the afore-described crash;

   g. Operating the vehicle without due regard for the rights, safety and position of the male Plaintiff at the aforesaid time and place;

   h. Operating the vehicle without the exercise of due care under the circumstances;

   i. Failing to heed the road and traffic conditions thereon existing at the time of the crash;

4

j.  Failing to stop for a red traffic signal and instead proceeding through the red traffic signal;

k.  Failing to keep the proper lookout for other vehicles lawfully using the roadway and allowing his attention to be distracted from the road ahead and traffic thereby failing to observe the vehicle being operated by the male Plaintiff;

l.  Failing to observe the male Plaintiff's vehicle in sufficient time to avoid a collision;

m.  Operating his vehicle with careless disregard for the safety of persons in violation of 75 P.S. Section 3714;

n.  Failing to use due care required when approaching the intersection with a red traffic signal;

o.  Failing to obey the traffic control device requiring the Defendant, Victor Saldana, to yield to oncoming traffic with a green traffic signal;

p.  Failing to maintain proper and adequate control of the vehicle he was operating allowing his attention to be distracted from the road ahead and the traffic thereon;

q.  Failing to operate his vehicle at a careful and prudent speed;

r.  Failing to be attentive and aware of the road and traffic conditions;

s.  Failing to keep a proper and necessary lookout for other vehicles on the roadway;

t.  Failing to take proper precautions to avoid a collision;

u.  Failing to stop for a red traffic signal controlling north bound travel on Scott Street onto Mill Street with traffic proceeding west on Scott Street turning left, south bound to continue on Scott;

v.  Failing to observe the male Plaintiff's vehicle in time to avoid striking the male Plaintiff's vehicle;

5

    w.    Operating his vehicle without due and proper regard for the safety, rights and position of the male Plaintiff;

    x.    Failing to sound a horn or otherwise signal so as to give a warning;

    y.    Failing to brake properly;

    z.    Failing to keep an assured clear distance ahead;

    aa.    Violating the rules of the road and the statutes of the Commonwealth of Pennsylvania by failing to stop for a red traffic signal controlling north bound travel along Scott Street onto Mill Street in the City of Wilkes-Barre, County of Luzerne, and Commonwealth of Pennsylvania.

23. The aforementioned crash was the result of the recklessness, carelessness and negligence of the Defendant driver, Victor Saldana, and the owner of the vehicle, Exact Valve Solutions, Inc., and as a result of such recklessness, carelessness, negligence, and negligent entrustment by the Defendants, Victor Saldana and Exact Valve Solutions, Inc., the male Plaintiff sustained injuries in and about his body and extremities, which injuries are or may be serious, severe, painful, and permanent and/or may have aggravated a previously existing condition which include, but are not limited to:

    a.    Pain right lateral leg;

    b.    Pain right lumbar spine;

    c.    Back pain with range of motion to the lumbar spine that radiated over the right post/lateral leg to the level of the knee;

    d.    7 cm ecchymosis over right lateral leg;

    e.    Superficial excoriations of left forearm.

    f.    Ongoing pain on left side of neck and posterior shoulder that radiates over left upper chest;

    g.    Pain with range of motion over right lower back with radiation to right lateral hip to level of lateral proximal thigh;

    h.    Headaches;

i. Bilateral neck pain with numbness of left fourth and fifth digits;

j. Low back pain on right side that radiates into right leg (medial knee) with ambulation;

k. Pain on right side lumbar into right leg;

l. Low back pain;

m. Decreased range of motion;

n. Decreased flexibility;

o. Decreased strength;

p. Poor guarded posture antalgic dysfunctional gait and decreased function;

q. Left shoulder pain;

r. Low back pain;

s. Right anterior thigh pain;

t. Limited range of motion with turning head to the left;

u. Low back pain located mostly on right side and right anterior thigh pain that stops at the knee;

v. Loss of sleep;

w. Fatigue, sleep deprivation;

x. Aggravation of pre-existing conditions.

y. Physical pain and suffering;

z. Psychological pain and suffering;

aa. Whiplash;

7

bb. Inability to perform household chores due to injuries;

cc. Inability to live an active lifestyle due to injuries;

dd. Emotional stress and anxiety.

24. As a result of the aforementioned injuries the male Plaintiff has required, received, and obtained medical care and treatment from various care providers for which recovery is sought to the extent that expenses for such treatment exceeded the limits pursuant to the Motor Vehicle Financial Responsibility Law of Pennsylvania.

25. As a result of the aforementioned injuries the male Plaintiff was rendered sick, sore, and disabled and sustained physical and mental pain and great discomfort, all of which required medical care and treatment.

26. As a result of the aforementioned injuries the male Plaintiff suffered and continues to suffer great physical and mental pain, discomfort and inconvenience and has been informed, believes and therefore avers that his injuries are continuing, and he will continue to suffer in the future and require additional medical care and treatment from time to time. The male Plaintiff has incurred various expenses for treatment of the aforementioned injuries and will be required to expend and incur various expenses for medical care and treatment in the future. Said expenses for these injuries and treatments may exceed the limits provided for under the Pennsylvania Motor Vehicle Financial Responsibility Law and for which Plaintiff seeks recovery from the Defendants herein.

27. As a result of the aforementioned injuries sustained in this crash, the male Plaintiff has sustained and will continue to sustain a loss of the every day pleasures and enjoyments of life for which a claim is made herein.

28. As a result of the aforesaid crash, the male Plaintiff, David C. Mills, has suffered or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which male Plaintiff would have performed, not for income, but for the benefit of himself and his family if he had not been injured.

29. As a result of the aforesaid crash, male Plaintiff, David C. Mills, has suffered a physical and/or mental impairment, which has prevented him from performing all or substantially all of the material acts and duties of his customary and usual daily activities, and has resulted in a loss of life's pleasures.

8

30. As a result of the aforesaid crash, male Plaintiff, David C. Mills, has suffered disfigurement, emotional distress, embarrassment, and humiliation, all of which may/will continue into the future.

31. At all times material hereto male Plaintiff, David C. Mills, was subject to the "full tort" option pursuant to 75 Pa. C.S.A. Section 1705 and is therefore entitled to recover his economic and non-economic losses as set forth herein.

## COUNT I - NEGLIGENCE

32. Plaintiffs, David C. Mills and Deborah K. Mills, hereby incorporate herein by reference, Paragraphs 1 through 31 of this Complaint as if the same were set forth fully and at length herein.

33. The aforementioned crash and injuries sustained by the male Plaintiff were the direct result of the recklessness, carelessness and negligence of the male Defendant, Victor Saldana, and the corporate Defendant, Exact Valve Solutions, Inc., which recklessness, negligence and carelessness listed in the preceeding paragraphs of this Complaint are incorporated herein by reference as if set forth fully and at length herein.

34. As a result of the negligence of the male Defendant, Victor Saldana, and the negligence of the corporate Defendant, Exact Valve Solutions, Inc., the male Plaintiff suffered the injuries as previously listed in this Complaint, which are incorporated herein by reference as if set forth fully and at length here.

35. As a result of the negligence of the male Defendant, Victor Saldana, and the negligence of the corporate Defendant Exact Valve Solutions, Inc. the male Plaintiff has suffered and will continue to suffer for an indefinite period of time into the future from pain, suffering, discomfort, inconvenience, and inability to engage in his usual activities, and to languish and the humiliation associated with the afore-described injuries.

36. As a result of the negligence of the male Defendant, Victor Saldana, and the negligence of the corporate Defendant, Exact Valve Solutions, Inc., the male Plaintiff has been deprived of the ordinary and usual enjoyment of life's pleasures and social, familial, recreational and economic activities due to the nature and extent of his injuries and will continue to be so deprived for an indefinite period of time into the future.

9

37. As a further result of the negligence of the male Defendant, Victor Saldana, and the negligence of the corporate Defendant, Exact Valve Solutions, Inc., and the injuries sustained by the male Plaintiff, the male Plaintiff has been or will be obliged to receive and undergo medical attention and care and to incur various expenses and to expend various sums of money and he may be obliged to receive and undergo medical attention and care and continue to expend such sums or incur such expenditures for an indefinite time into the future.

38. As a result of the negligence, carelessness and recklessness of male Defendant, Victor Saldana, and the negligence, carelessness and recklessness of the corporate Defendant, Exact Valve Solutions, Inc., the male Plaintiff has been rendered sick, sore, and disabled and has sustained serious physical, emotional and mental pain, discomfort, and distress, all of which have required medical care and treatment.

39. As a further result of the Defendants' negligence, carelessness, and recklessness the male Plaintiff has suffered physical and mental pain, discomfort and inconvenience. The male Plaintiff believes and therefore avers that his injuries are of a permanent nature and he will therefore continue to suffer in the future and require additional medical care and treatment.

40. It is believed and therefore averred that as a result of the carelessness, recklessness and negligence of the male Defendant, Victor Saldana, and the carelessness, recklessness and negligence of the corporate Defendant, Exact Valve Solutions, Inc., the male Plaintiff has been forced to undergo treatment and care including, but not limited to, the following:

   a. Treatment with various doctors, including his Family Physician, neurosurgeons, and pain management specialists;

   b. Physical therapy, including home exercise program;

   c. X-rays;

   d. MRI diagnostic testing;

   e. Medicinal therapy;

   f. Surgery.

10

**WHEREFORE**, Plaintiffs, David C. Mills and Deborah K. Mills, claim damages from the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars, which sum is in excess of the amount required for compulsory arbitration under the applicable statutes of the Commonwealth of Pennsylvania and the Luzerne County Local Rules of Court together with punitive damages and all lawful costs of suit and interest.

## COUNT II – NEGLIGENT ENTRUSTMENT

41.     Plaintiffs, David C. Mills, and Deborah K. Mills, hereby incorporate herein by reference, Paragraphs 1 through 40 of this Complaint as if the same were set forth fully and at length herein.

42.     At all times material hereto, Defendant, Exact Valve Solutions, Inc., was the registered owner of the vehicle Defendant, Victor Saldana, was operating at the time of the crash described in this Complaint.

43.     At all times material hereto, Defendant, Victor Saldana, was the permissive user of the Defendant Exact Valve Solutions Inc., vehicle at the time of the crash described in this Complaint.

44.     Defendant, Exact Valve Solutions, Inc., negligently entrusted the Exact Valve Solutions, Inc. vehicle to Defendant, Victor Saldana, on or about January 25, 2016 based upon past driving history of Victor Saldana, which Defendant, Exact Valve Solutions, Inc. knew or should have known or recklessly disregarded.

45.     In the alternative, Defendant, Victor Saldana, was the employee, servant, workman and/or agent of Defendant, Exact Valve Solutions, Inc., acting within the scope of his employment, servitude, or agency at all times material hereto, and therefore, liability is claimed by Plaintiffs on the theory of respondeat superior.

46.     The aforementioned crash and injuries sustained by the male Plaintiff were the direct result of the carelessness and negligence of Defendant, Exact Valve Solutions, Inc., which said negligence consisted of the following:

a.      In it permitting and entrusting the Chevrolet Silverado Truck to the Defendant, Victor Saldana, when Defendant, Exact Valve Solutions, Inc., knew or should have known that he would fail to operate said vehicle safely at the red traffic signal at the intersection of Scott Street onto Mill Street in the City of Wilkes-Barre, County of Luzerne and Commonwealth of Pennsylvania;

b. In it allowing the Defendant, Victor Saldana, to operate the Chevrolet Silverado Truck when Defendant, Exact Valve Solutions, Inc., knew or should have known that Victor Saldana would not have the vehicle under control so as to stop before colliding with the male Plaintiff's vehicle in which the male Plaintiff was the driver;

c. In it allowing the Defendant, Victor Saldana, to operate the Chevrolet Silverado Truck when Defendant, Exact Valve Solutions, Inc., knew or should have known that the Defendant, Victor Saldana, would collide with or come in contact with other vehicles on the roadway, more specifically the vehicle the male Plaintiff was driving;

d. In it allowing the Defendant, Victor Saldana, to operate the Chevrolet Silverado Truck when Defendant, Exact Valve Solutions, Inc., knew or should have known his propensity for danger to proceed through a solid red traffic signal on Scott Street onto Mill Street in the City of Wilkes-Barre, County of Luzerne and Commonwealth of Pennsylvania;

e. In it violating provisions of the Pennsylvania Motor Vehicle Code as more particularly set forth in this Complaint in failing to exercise prudent and reasonable care in causing and permitting the Defendant, Victor Saldana, to drive the Chevrolet Silverado Truck when Defendant, Exact Valve Solutions, Inc., should have known the Defendant, Victor Saldana, lacked the skill, judgment, and prudence in operating a motor vehicle;

f. In its failing to ascertain that the Defendant, Victor Saldana, lacked skills necessary to safely operate the Chevrolet Silverado Truck prior to entrusting him with said vehicle.

47. The Plaintiffs incorporate herein by reference all of the Paragraphs of the within Complaint listing the negligence of the Defendant, Exact Valve Solutions, Inc., being committed through the said acts of the Defendant, Victor Saldana, as a permissive driver.

48. The aforesaid negligent acts by Defendants, Victor Saldana and Exact Valve Solutions, Inc., were the direct and proximate cause of the injuries sustained by male Plaintiff and the female Plaintiff's loss of consortium claim.

49. As a result of the recklessness, carelessness and negligence of the Defendant, Exact Valve Solutions, Inc., the male Plaintiff has suffered the injuries, losses and damages set forth herein in this Complaint.

**WHEREFORE**, Plaintiffs, David C. Mills and Deborah K. Mills, claim damages from the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars, which sum is in excess of the amount required for compulsory arbitration under the applicable statutes of the Commonwealth of Pennsylvania and the Luzerne County Local Rules of Court together with punitive damages and all lawful costs of suit and interest.

## COUNT III – LOSS OF CONSORTIUM

50. Plaintiffs, David C. Mills and Deborah K. Mills, hereby incorporate herein by reference, Paragraphs 1 through 49 of this Complaint as if the same were set forth fully and at length herein.

51. At all times material hereto the Plaintiff, Deborah K. Mills, was the Wife of the Plaintiff, David C. Mills, and was and is entitled to the services, companionship, support, assistance, society, comfort, happiness, and consortium of Plaintiff, David C. Mills.

52. As a direct and proximate result of the aforementioned crash, including, but not limited to, the recklessness, negligence and careless acts of the Defendant, Victor Saldana, and the negligence, recklessness, negligent entrustment and careless acts of the Defendant, Exact Valve Solutions, Inc., and the injuries and damages sustained by the Plaintiff, David C. Mills, the Plaintiff Deborah K. Mills, has been deprived of the services, companionship, support, assistance, society, comfort, happiness, and consortium of her husband, David C. Mills, all to the great detriment and loss of Plaintiff, Deborah K. Mills.

53. As a direct and proximate result of the aforementioned crash, including, but not limited to, the reckless, negligent and careless acts of the Defendant, Victor Saldana, and the reckless, negligent, careless and negligent entrustment by the Defendant, Exact Valve Solutions, Inc., and the injuries and damages sustained by the Plaintiff David C. Mills, the Plaintiff, Deborah K. Mills, was compelled to expend monies for medical aid, medicines, and/or similar medical and/or medically related instrumentalities and/or modalities, transportation of Plaintiff, David C. Mills, to and from medical care, food and lodging related to transportation of the Plaintiff, David C. Mills, to and from medical care, claim for which is herein made.

**WHEREFORE**, Plaintiffs, David C. Mills and Deborah K. Mills, claim damages from the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars, which sum is in excess of the amount required for compulsory arbitration under the applicable statutes of the Commonwealth of Pennsylvania and the Luzerne County Local Rules of Court together with punitive damages and all lawful costs of suit and interest.

DATED:  May 22, 2018                    Respectfully submitted,

SENAPE & ASSOCIATES
612-614 Main Street - P.O. Box 179
Freeland, PA 18224-0179
(570) 636-3133

By _____
James V. Senape, Jr.
Supreme Court ID #01822

_____
Catherine A. McGovern
Supreme Court ID #45891

_____
Michael B. Senape
Supreme Court ID #85297

14

## **VERIFICATION**

I, the undersigned, verify that the facts contained herein are true and correct to the best of my knowledge, information and belief. The undersigned, further understands that any false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

DATE: May 22, 2018

DAVID C. MILLS

## **VERIFICATION**

I, the undersigned, verify that the facts contained herein are true and correct to the best of my knowledge, information and belief. The undersigned, further understands that any false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

DATE: May 22, 2018

*[signature]*
DEBORAH K. MILLS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID C. MILLS and<br>DEBORAH K. MILLS, h/w | : | CIVIL ACTION-LAW |
| Plaintiffs | : | NO. |
| v. | : | JURY TRIAL DEMANDED |
| VICTOR SALDANA,<br>and EXACT VALVE SOLUTIONS, INC.<br>Defendants | : | |

## AFFIDAVIT

Donald M. Grimes, Esquire, being sworn according to law deposes and says that he is counsel for Petitioners, Victor Saldana and Exact Valve Solutions, Inc., in the within matter; and that he has read the foregoing Notice for Removal and believes it to be true and correct, to the best of his knowledge, information and belief.

Date: 6/19/18

KELLY GRIMES PIETRANGELO & VAKIL, P.C.

DONALD M. GRIMES, ESQUIRE
36 EAST SECOND STREET
P.O. BOX 1048
MEDIA, PA 19063
(610) 565-0600
COUNSEL FOR DEFENDANTS